UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE GODDARD, | No. 2:18-cv-02659-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| COUNTY OF EL DORADO; and DOES 1 through 50, inclusive, | |
| Defendants. | |

This matter is before the Court on Plaintiff Catherine Goddard's ("Plaintiff") Motion to Modify the Court's Initial Pretrial Scheduling Order ("IPSO"). (ECF No. 18.) Defendant County of El Dorado ("Defendant") filed an Opposition. (ECF No. 29.) Plaintiff filed a Reply. (ECF No. 31.) For the reasons set forth below, the Court DENIES Plaintiff's Motion.

///
///
///
///
///
///
///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began working for Defendant in March 2017 as the Executive Secretary for Defendant's Chief Public Defender. (ECF No. 29 at 2.) On November 30, 2017, the Chief Public Defender terminated Plaintiff's employment. (*Id.*) On September 30, 2018, Plaintiff filed a Complaint against Defendant alleging age discrimination and retaliation. (*Id.*) Plaintiff subsequently filed a First Amended Complaint ("FAC") on November 22, 2018. (ECF No. 8.) An answer to the FAC was due on December 6, 2018. (ECF No. 29 at 2–3.) However, Defendant did not file its Answer until February 12, 2019. (ECF No. 14.)

The Court's October 1, 2018 IPSO provides, "[a]ll discovery, with the exception of expert discovery, shall be completed no later than two hundred forty (240) days from the date upon which the last answer may be filed with the Court pursuant to Federal Rules of Civil Procedure." (ECF No. 4 at 2.) Plaintiff — under the impression the deadline for discovery stemmed from the date Defendant actually filed its Answer — believed the deadline was October 10, 2019. (ECF No. 20 at 24.) As such, on September 20, 2019, Plaintiff provided notice that a deposition of the Chief Public Defender was to occur on October 8, 2019. (*Id.* at 4–8.) Defendant — under the impression the deadline for discovery stemmed from the date its Answer to the FAC was originally due — did not agree to allow the deposition because it was "past the deadline." (*Id.* at 23, 25.)

Nearly four months later, on January 31, 2020, Plaintiff filed the instant Motion, seeking permission to depose the Chief Public Defender and Defendant's former Senior Human Resource Analyst, as well as "permission to allow both sides to serve timely expert witness designations." (ECF No. 18 at 1–2.) Defendant filed a Motion for Summary Judgment the day before, on January 30, 2020. (ECF No. 15.) In an *Ex Parte* Application for Continuance of Hearing — which the Court granted regarding the Motion for Summary Judgment — Plaintiff added requests to depose Defendant's HR Director and an HR assistant. (ECF No. 26 at 2–3.)

///

///

///

2

**II.     ANALYSIS**

The IPSO in this case provides that, pursuant to Federal Rule of Civil Procedure ("Rule") 16(b), the order "shall not be modified except by leave of court upon showing of good cause." (ECF No. 4 at 6.)  Rule 16(b) states the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted).  "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification."  *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), *reconsideration denied*, No. 116-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

Plaintiff seeks modification of the IPSO on the basis that "limited modification" — to allow both parties to serve expert witness designations and Plaintiff to depose multiple witnesses — "will benefit both parties and the Court."  (ECF No. 18 at 1-2.)  Plaintiff argues there would be "no demonstrable prejudice to Defendant" and "Court time and resources will be conserved and put to more efficient use" if Plaintiff's Motion is granted.  (*Id.* at 2.)  In opposition, Defendant argues Plaintiff "fails to address her total lack of diligence with regard to discovery [and] fails to provide any proper justification for relief from the scheduling order."  (ECF No. 29 at 2.)  Defendant also argues it will be prejudiced if Plaintiff's Motion is granted.  (*Id.*)

Plaintiff fails to demonstrate she was diligent in attempting to designate expert witnesses.  Plaintiff alleges such witnesses would benefit both parties because Plaintiff intends to seek monetary damages.  (ECF No. 19 at 4.)  However, the IPSO required all counsel to designate expert witnesses "not later than sixty (60) days after the close of discovery."  (ECF No. 4 at 3.)  Therefore, assuming Plaintiff was correct in identifying October 10, 2019 as the close of

1   discovery, Plaintiff had until December 9, 2019 — more than one year after the IPSO was filed
2   — to designate her expert witnesses.  As such, Plaintiff had plenty of time to adhere to the
3   schedule, but still failed to do so.  Moreover, Plaintiff neither claims to have acted diligently nor
4   provides an excuse for her lack of diligence.  Therefore, Plaintiff has not demonstrated good
5   cause to modify the pretrial schedule regarding expert witnesses.  *See Johnson*, 975 F.2d at 609.

6          Plaintiff also fails to demonstrate she was diligent in conducting discovery.  Plaintiff
7   waited until almost one year after the IPSO to provide Defendant with notice of the deposition of
8   the Chief Public Defender.  (*See* ECF No. 20 at 4.)  Even assuming Plaintiff was correct in her
9   calculation of the discovery deadline, the deposition was to take place only two days before the
10  October 10, 2019 cutoff.  (*Id.* at 24.)  Plaintiff's own counsel admitted the proposed date was
11  "under the wire."  (*Id.* at 23); *see Coe v. Schaeffer*, No. 2:13-CV-00432-KJM-CKD, 2015 WL
12  3795647, at *2 (E.D. Cal. June 17, 2015) (holding plaintiff was not diligent where she delayed
13  efforts to schedule depositions until "two months before the deadline").

14         After Defendant refused to allow the deposition (ECF No. 20 at 25), Plaintiff took no
15  action to compel discovery in order to meet the presumed discovery deadline, further
16  demonstrating a lack of diligence.  *See Wormuth v. Lamersville Union Sch. Dist.*, No. 2:15-CV-
17  1572-KJM-EFB, 2017 WL 3537257, at *4 (E.D. Cal. Aug. 17, 2017) (holding defendants were
18  not diligent in pursuing discovery where plaintiff refused to comply with defendants' request for
19  an Insurance Medical Examination and, "instead of immediately moving to compel an IME,"
20  defendants waited until after the discovery deadline to file their motion).  Instead, Plaintiff waited
21  more than four months after Defendant refused to allow the deposition — and nearly four months
22  after the close of discovery — to file the instant Motion to Modify.  (ECF No. 18.)  *See Johnson*,
23  975 F.2d at 610 (affirming denial of a motion to modify the scheduling order to allow a pleading
24  amendment where plaintiff filed the motion four months after the deadline for amendment).  In a
25  Declaration, Plaintiff's counsel, Douglas E. Watts ("Watts") stated he "will not offer any excuses
26  to this Court" as to why Plaintiff waited so long to file this Motion.  (ECF No. 20 at 3.)

27         Moreover, aside from Plaintiff's failed attempt to depose the Chief Public Defender, it is
28  undisputed that "Plaintiff engaged in no discovery" prior to the deadline.  (ECF No. 29 at 2.)  It is

also undisputed that in the parties' respective initial disclosures of potential witnesses, Plaintiff included three of the four individuals she seeks relief to depose and Defendant included the remaining individual. (ECF No. 29 at 3.) As such, Plaintiff knew or should have known about these individuals' relevance to and involvement in the instant case well before the discovery deadline, yet still failed to depose them. *See Reliance Standard Life Ins. Co. v. Harrison*, No. CIV. S-09-532 FCD KJN, 2011 WL 338449, at *3 (E.D. Cal. Jan. 31, 2011) (plaintiff did not act diligently where it sought to reopen discovery to depose witnesses it had known about "from the onset of litigation" but "did not seek to take their depositions before the discovery deadline").

Furthermore, Plaintiff filed a Declaration by Watts in which Watts claims the requested depositions "would allow Plaintiff to file a full and fair Opposition" to Defendant's Motion for Summary Judgment.[1] (ECF No. 31 at 2.) He alleges two of the witnesses "possess relevant, first-hand knowledge of [Defendant's] personnel policies, handling of . . . complaints (age discrimination, retaliation, etc.), and investigative processes during the timeframe relevant to this case." (*Id.*) However, Watts still fails to demonstrate Plaintiff acted with diligence, the primary consideration in determining Plaintiff's Motion. *See Johnson*, 975 F.2d at 609. Watts further alleges Defendant failed to follow the IPSO. (ECF No. 31 at 2.) Even assuming this is true, Watts provides no authority indicating Defendant's failure to adhere to the schedule allows Plaintiff to prevail on this Motion.

Beyond a showing of diligence, several factors must be considered in determining whether there is good cause to reopen discovery. Such factors include "(1) whether trial is imminent, (2)

---

[1] Defendant argues Plaintiff has not made the required showings under Rule 56(d) to reopen discovery. Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may" allow time for more discovery. Fed. R. Civ. P. 56(d). To prevail under this Rule, a party "must identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff does not expressly address Rule 56(d) in her motion or reply. Regardless, because Plaintiff cannot establish "good cause" to modify the discovery deadline due to her lack of diligence, she also cannot establish a right to further discovery under Rule 56(d). *See Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) ("[A] district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.") (internal citations omitted).

whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)).

Here, a trial date has not yet been scheduled and is therefore not "imminent," so this factor weighs in favor of reopening discovery. However, Defendant's Opposition (ECF No. 29) weighs against reopening discovery. Further, Defendant would experience "at least some prejudice" due to the delay in proceedings that would occur if Plaintiff's Motion were granted. *See Dimitre v. Cal. State Univ. Employee's Union*, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at *2 (E.D. Cal. Sept. 25, 2019). Moreover, as discussed above, Plaintiff was not diligent in obtaining discovery. All four witnesses Plaintiff seeks to depose were included in the parties' combined initial disclosures. (ECF No. 29 at 3.) Two of Plaintiff's disclosed witnesses are former HR personnel to whom Plaintiff complained about harassment, a hostile work environment, and retaliation. (ECF No. 31 at 2.) The third witness (disclosed by both parties) is the Chief Public Defender, the person who terminated Plaintiff's employment and allegedly harassed and discriminated against Plaintiff. (ECF No. 19 at 1.) The final witness disclosed by Defendant is Defendant's HR Director. (ECF No. 29 at 6.) Defendant disclosed to Plaintiff that the HR Director "had communications with [the Chief Public Defender] about Plaintiff's performance" and termination. (*Id.*) As such, the need to depose these individuals was foreseeable due to their relevance and involvement in the case. Finally, Defendant concedes, "the depositions could lead to the discovery of admissible evidence." (*Id.* at 7.)

Looking primarily at Plaintiff's lack of diligence, along with Defendant's Opposition, prejudice to Defendant, and the foreseeability of the need to depose the witnesses, Plaintiff has failed to show good cause for reopening discovery to allow her to depose four witnesses. *See Dimitre*, 2019 WL 4670827, at *3. Accordingly, Plaintiff's Motion to Modify is DENIED.

///

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Modify the Court's Initial Pretrial Scheduling Order is hereby DENIED.  (ECF No. 18.)

IT IS SO ORDERED.

DATED: July 28, 2020

                                                Troy L. Nunley
                                                United States District Judge